NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JUL 2 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JASPREET SINGH,

Petitioner,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

No.    18-72754

Agency No. A202-017-678

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 15, 2020[**]
Portland, Oregon

Before:  BYBEE and VANDYKE, Circuit Judges, and CHHABRIA,[***] District
Judge.

Jaspreet Singh of Jalandhar, India petitions for review of a Board of

Immigration Appeals (BIA) order affirming an immigration judge's (IJ) denial of

his claims for asylum, withholding of removal, and protection under the

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

[***]    The Honorable Vince Chhabria, United States District Judge for the
Northern District of California, sitting by designation.

Convention Against Torture. Because the parties are familiar with the facts, we will not recite them here except as necessary. We deny the petition.

We review BIA determinations of law de novo and findings of fact for substantial evidence. *Singh v. Whitaker*, 914 F.3d 654, 658 (9th Cir. 2019). The BIA's findings of fact are conclusive unless a reasonable adjudicator would be compelled to conclude to the contrary. *Id.*

1. The BIA's adverse credibility determination is supported by substantial evidence. In his testimony, Singh could not provide a logistically consistent account of one of the alleged attacks. He did not plausibly explain how his assailants could have known where to find him, nor did he explain how they could have gotten the better of him when he was driving a motorcycle and they were on foot. Based in part on the implausibility of Singh's account, the BIA credited the IJ's finding that Singh appeared to be "simply making up most of his testimony as he went along." The BIA reasoned that the implausibility of some parts of Singh's testimony, along with some minor inconsistencies between Singh's testimony and his documentation, supplied evidence to support an adverse credibility determination. The record does not compel a contrary conclusion.

2. Even if Singh's testimony were credible, there is substantial evidence to support the conclusion that Singh was ineligible for relief because the government was neither behind the attacks nor powerless to stop them. The attacks that Singh

described were committed by private members of opposing political parties. He did not report the attacks to the police, and there is little evidence that asking the police for help would have been futile. Though Singh described one instance in which he was pursued by police officers, substantial evidence supports the BIA's finding that this pursuit was warranted because Singh had fled a lawful checkpoint. These determinations, and the resulting conclusions that Singh's allegations lacked the government connection necessary for asylum, withholding of removal, or protection under the Convention Against Torture, are supported by the record.

3. A reasonable adjudicator would not be compelled to conclude that Singh's proceedings in immigration court were tainted by judicial bias. Substantial evidence supports a conclusion that the IJ was unbiased. An IJ has the authority to "interrogate, examine, and cross-examine the alien," 8 U.S.C. § 1229a(b)(1), and the IJ's questions can be understood as a genuine effort to sort out narrative inconsistencies. The IJ could have taken more care to discuss the corroborative elements in Singh's documentation, but his decision to highlight parts of the record that supported his finding does not compel a conclusion that he acted out of bias.

Because substantial evidence supports the BIA's findings, and because Singh's claims cannot succeed in the face of these findings, we deny the petition.

**PETITION DENIED.**

3